UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRUE TITLE, INC.,

    Plaintiff,                                    CASE NO.:  6:06-cv-1871-Orl-19DAB

vs.

ERICA BLANCHARD and
NATIONS DIRECT TITLE
AGENCY, L.L.C.,

    Defendants.
_____/

## ANSWER

Defendants, ERICA BLANCHARD ("BLANCHARD") and NATIONS DIRECT TITLE AGENCY, L.L.C. ("NATIONS DIRECT"), plead its Answer to the allegations of Plaintiff's, TRUE TITLE, INC. ("TRUE TITLE"), Complaint for Injunctive Relief, Temporary Restraining Order and Damages and in support thereof state by sequential numbered paragraph corresponding to the numbered paragraphs of the Complaint as follows:

1.     The allegations contained in paragraphs 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52 and 53 are denied.

2.     The allegations contained in paragraphs 1, 3, 4, 5 and 54 are admitted.

3.     With respect to the allegations contained in paragraph 2, Defendants admit that TRUE TITLE does business and has offices in this judicial district and that Defendants are residents of this judicial district, but deny all other

1

allegations contained therein.

4. With respect to the allegations contained in paragraph 9, Defendants admit that BLANCHARD began her employment with TRUE TITLE in the Spring of 2002, that she served as general manager of TRUE TITLE's Ormond Beach office and that she had no superiors or senior managers to answer to in the Ormond Beach office, but deny all other allegations contained therein.

5. With respect to the allegations contained in paragraph 19, Defendants admit that BLANCHARD incorporated her own title company, NATIONS DIRECT, on July 26, 2006 and that BLANCHARD is the registered agent for NATIONS DIRECT, but deny all other allegations contained therein.

6. With respect to the allegations contained in paragraph 29, Defendants admit that NATIONS DIRECT is a real estate title company involved in the business of real estate transactions, title insurance and charging fees for such services, but deny all other allegations contained therein.

7. With respect to the allegations contained in paragraph 30, Defendants admit that BLANCHARD is a licensed title agent involved in the business of real estate transactions, title insurance and charging fees for such services, but deny all other allegations contained therein.

8. All other allegations are denied.

## FIRST AFFIRMATIVE DEFENSE

TRUE TITLE, INC. ("TRUE TITLE"), has failed to allege that it possessed information that derives independent economic value from not being generally known to, and not being readily ascertainable by, other persons who can obtain economic value

from its disclosure or use.

## SECOND AFFIRMATIVE DEFENSE

TRUE TITLE has not taken reasonable means to maintain the alleged trade secret information as confidential and secret information, but rather has allowed such information to be disseminated publicly.

## THIRD AFFIRMATIVE DEFENSE

To the extent that any property items and/or alleged trade secret information were retained by ERICA BLANCHARD ("BLANCHARD"), if at all, when she left TRUE TITLE, BLANCHARD is not liable to TRUE TITLE for conversion for any items/information that are in fact personal items and/or personal information which BLANCHARD has, and continues to have, a right to possess.

## FOURTH AFFIRMATIVE DEFENSE

Without admitting to the defamatory statements that TRUE TITLE alleges were made by BLANCHARD, to the extent that any such statements were made, if at all, the truth of such statements is an absolute defense.

## FIFTH AFFIRMATIVE DEFENSE

TRUE TITLE is not entitled to duplicate any recovery already received from collateral sources.

## SIXTH AFFIRMATIVE DEFENSE

The negligence of TRUE TITLE should be compared to that of BLANCHARD, if any, and that of NATIONS DIRECT TITLE AGENCY, L.L.C. ("NATIONS DIRECT"), if any, in the reduction of damages, if any.

**MOTION TO DISMISS**

The Defendants, ERICA BLANCHARD ("BLANCHARD") and NATIONS DIRECT TITLE AGENCY, L.L.C. ("NATIONS DIRECT"), move to dismiss Counts I, II, IV and VII of Plaintiff's, TRUE TITLE, INC. ("TRUE TITLE"), Complaint on the following grounds:

**COUNT I – TRADE SECRETS VIOLATIONS**

1. According to the allegations of the Complaint, TRUE TITLE contends that BLANCHARD and NATIONS DIRECT misappropriated property and trade secret information.

2. In order to establish a trade secret violation, the plaintiff must prove: (1) the possession of secret information and the use of reasonable steps to protect such information's secrecy, and (2) the secret information possessed by the plaintiff was misappropriated. Border Collie Rescue, Inc. v. Ryan, 418 F. Supp. 2d 1330 (M.D. Fla. 2006).

3. TRUE TITLE alleges that BLANCHARD misappropriated the following company items: a computer, rolodexes, underwriter reference manuals, lender-client contact information, e-mails, personnel files, computer program files, back-up server tapes, Quicken escrow accounting software and lender contact binders compiled by TRUE TITLE.

4. The Uniform Trade Secrets Act defines trade secret as "information, including a formula, pattern, compilation, program, device, method, technique, or process that derives independent economic value…from not being generally known…or readily ascertainable…by other persons who can obtain economic

4

value from its disclosure or use; and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Fla. Stat. Ann. § 688.002(4).

5. TRUE TITLE has not alleged in its complaint how the above-listed company items (1) constitute secret information, as defined by the statute, that derive independent economic value from not being readily ascertainable by other persons, and/or (2) constitute confidential information.

6. TRUE TITLE merely states that such information qualifies as a trade secret because TRUE TITLE states it as so.

7. A cursory statement, in a complaint, that information is confidential and secret, such as the one made by TRUE TITLE, does not mean that such information is in fact confidential and secret.

8. Further, TRUE TITLE fails to establish that it took reasonable means to protect the above-listed items as secret.

9. TRUE TITLE relies on a cursory statement, again, that because it advised employees via its handbook about TRUE TITLE's ownership rights with respect to company software, which is most likely software that TRUE TITLE itself had no hand in developing, and because it advised employees about the confidential nature of employee-generated work product, the confidentiality of which has nothing to do with the alleged trade secret information at issue, that this constitutes reasonable means to protect the above-listed items as "trade secrets."

10. Accordingly, TRUE TITLE has failed to state a cause of action for a trade

secret violation upon which relief can be granted.

Therefore, BLANCHARD and NATIONS DIRECT respectfully request that this claim be dismissed with prejudice.

## **COUNT II – DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

11. According to the allegations of the Complaint, TRUE TITLE contends that BLANCHARD and NATIONS DIRECT are in violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") because BLANCHARD and NATIONS DIRECT are both direct competitors of TRUE TITLE as a result of BLANCHARD's resignation from TRUE TITLE.

12. A plaintiff's complaint under FDUTPA must plead (1) that the conduct complained of was unfair and deceptive, and (2) that the plaintiff was damaged by such unfair and deceptive conduct. Haun v. Don Mealy Imports, Inc., 285 F. Supp. 2d 1297 (M.D. Fla. 2003).

13. An unfair practice is one that "offends established public policy" and one that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489, 499 (Fla. 4th DCA 2001).

14. The mere facts that BLANCHARD resigned from TRUE TITLE, retained personal items when she resigned, and then commenced business with her own company, NATIONS DIRECT, so that it is now a direct competitor of TRUE TITLE, does not constitute allegations of unfair competition and/or unfair trade practices.

15. BLANCHARD was an at-will employee of TRUE TITLE, and as such, she had a right to voluntarily resign from her position at any time. Similarly, BLANCHARD had a right to start her own business, if she so desired, and compete with TRUE TITLE in the absence of a non-compete agreement.

16. Moreover, TRUE TITLE has failed to allege how it was damaged by the alleged unfair competition and/or unfair trade practices of BLANCHARD and NATIONS DIRECT.

17. Furthermore, TRUE TITLE pleads that it is entitled to damages as a result of the Defendants' alleged unfair trade practices. In the absence of a consumer transaction, FDUTPA only provides for injunctive relief. Babbit Electronics, Inc. v. Dynanscan Corporation, 38 F.3d 1161, 1182 n7 (11th Cir. 1994).

18. TRUE TITLE is not entitled to damages under FDUPTA because its claims against BLANCHARD and NATIONS DIRECT did not arise from a consumer transaction.

19. As such, TRUE TITLE has failed to state a cause of action for a FDUPTA violation upon which relief can be granted.

Therefore, BLANCHARD and NATIONS DIRECT respectfully request that this claim be dismissed with prejudice.

### COUNT IV – BREACH OF FIDUCIARY DUTY; DUTY OF GOOD FAITH AND FAIR DEALING

20. According to the allegations of the Complaint, TRUE TITLE contends that BLANCHARD occupied a position of trust and confidence by virtue of her position as manager of TRUE TITLE's Ormond Beach office, and that

7

because of her position and authority, BLANCHARD owed TRUE TITLE a fiduciary duty and an implied duty of good faith and fair dealing.

21. The elements for a breach of fiduciary duty claim are as follows: (1) the existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damages that are a direct and proximate cause of the breach. <u>Border Collie Rescue, Inc. v. Ryan</u>, 418 F. Supp. 2d 1330 (M.D. Fla. 2006).

22. A fiduciary or confidential relationship exists between two parties only where confidence is reposed by one party and trust is accepted by the other, or where an abuse of acquired confidence occurs between the two parties. <u>American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.</u> 390 F. Supp. 2d 1170 (M.D. Fla. 2005).

23. The mere fact that BLANCHARD was the manager of TRUE TITLE's Ormond Beach office does not establish a fiduciary or confidential relationship between BLANCHARD and TRUE TITLE.

24. Moreover, TRUE TITLE has failed to establish what damages, if any, it sustained as a result of BLANCHARD's alleged breach of fiduciary duty.

25. As such, TRUE TITLE has failed to state a cause of action for breach of fiduciary duty upon which relief can be granted.

26. Under Florida law, the breach of an implied duty of good faith and fair dealing is not an independent cause of action, but rather attaches to the performance of a specific contractual obligation. <u>Centurion Air Cargo, Inc. v. United Parcel Service Co.</u>, 420 F.3d 1146 (11th Cir. 2005). In order to assert a breach of this implied duty, a party must allege that a specific contractual

provision has been breached. *See* Trief v. American Gen. Life Ins. Co., 444 F. Supp. 2d 1268 (S.D. Fla. 2006); Ament v. One Las Olas, Ltd., 898 So.2d 147 (Fla. 4th DCA 2005); Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 896 So.2d 787 (Fla. 2d DCA 2005).

27. TRUE TITLE has failed to establish a specific contract, let alone a specific contractual provision, that would support this cause of action.

28. As such, TRUE TITLE has failed to state a cause of action for breach of an implied duty of good faith and fair dealing upon which relief can be granted.

Therefore, BLANCHARD and NATIONS DIRECT respectfully request that these claims be dismissed with prejudice.

## COUNT VII – WRIT OF SEQUESTRATION/TRO

29. This Court, via an Order dated 12/11/06, has already denied TRUE TITLE's request for a Writ of Sequestration/Temporary Restraining Order due to TRUE TITLE's failure to comply with Local Rule 4.05 and TRUE TITLE's failure to seek maintenance of the status quo.

30. As such, it is unnecessary for BLANCHARD and NATIONS DIRECT to move to dismiss this Count.

## MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STRIKE

The Defendants, ERICA BLANCHARD ("BLANCHARD") and NATIONS DIRECT TITLE AGENCY, L.L.C. ("NATIONS DIRECT"), move to dismiss, or in the alternative, move to strike Count III of Plaintiff's, TRUE TITLE, INC. ("TRUE TITLE"), Complaint on the following grounds:

## **COUNT III – TORTIOUS CONDUCT**

31. According to the allegations of the Complaint, TRUE TITLE contends that the conduct of BLANCHARD and NATIONS DIRECT constitutes conversion, wrongful diversion and/or misappropriation of TRUE TITLE's property, negligence, and intentional tortious conduct (collectively referred to by TRUE TITLE as "tortious conduct") and that such tortious conduct caused TRUE TITLE the loss of trade secrets, confidential information and lost profits and income.

32. TRUE TITLE's pleading of intentional and negligent conduct under a single count for Tortious Conduct is inconsistent as each independent tort requires distinct elements in order to state a valid cause of action. Moreover, TRUE TITLE does not identify which tort the Defendants' alleged "intentional tortious conduct" establishes.

33. A cause of action for negligence arises only where the defendant's breach of a legally imposed duty of care is the direct and proximate cause of the plaintiff's injuries. Janis v. Pratt & Whitney Canada, Inc., 370 F.Supp.2d 1226 (M.D. Fla. 2005). Whereas an intentional tort claim requires the existence of conduct that transcends simple and gross negligence and enters the realm of wanton intentionality. Caprio v. American Airlines, Inc., 848 F. Supp. 1528 (M.D. Fla. 1994).

34. As such, TRUE TITLE has failed to state a cause of action for each independent tort upon which relief can be granted.

35. In addition, TRUE TITLE alleges separate counts for misappropriation and conversion under Counts I and VI, respectively.

36. Under Count III, TRUE TITLE again contends that the conduct of BLANCHARD and NATIONS DIRECT constitutes misappropriation and conversion of TRUE TITLE's property, collectively referred to as "tortious conduct."

37. As such, TRUE TITLE redundantly alleges claims for misappropriation and conversion.

Therefore, BLANCHARD and NATIONS DIRECT respectfully request that this claim be dismissed with prejudice, or in the alternative, be stricken.

## MOTION TO STRIKE

The Defendants, ERICA BLANCHARD ("BLANCHARD") and NATIONS DIRECT TITLE AGENCY, L.L.C. ("NATIONS DIRECT"), move to strike Count VIII of Plaintiff's, TRUE TITLE, INC. ("TRUE TITLE"), Complaint on the following grounds:

## COUNT VIII – PUNITIVE DAMAGES

38. According to the allegations of the Complaint, TRUE TITLE contends that BLANCHARD and NATIONS DIRECT acted knowingly, willfully and maliciously, thereby entitling TRUE TITLE to punitive damages.

39. In order to assert a claim for punitive damages, there must be a "reasonable showing by evidence in the record or proffered by the claimant [before the court] which [provides] a reasonable basis for recovery of such damages." Fla. Stat. Ann. § 768.72(1).

40. This statute is substantive in nature and as such applies to federal diversity cases. <u>Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.</u>, 719 F. Supp. 1072, 1076 (M.D. Fla. 1989) (citing <u>Smith v. Department of Insurance</u>, 507 So.2d 1080, 1092 (Fla. 1987)).

41. TRUE TITLE has failed to establish the requisite statutory proof for asserting a claim of punitive damages.

Therefore, BLANCHARD and NATIONS DIRECT respectfully request that this claim be stricken.

### **DEMAND FOR JURY TRIAL**

Defendants, BLANCHARD and NATIONS DIRECT, demand trial by jury on all issues so triable.

### **COUNTERCLAIM**

Defendants, ERICA BLANCHARD ("BLANCHARD") and NATIONS DIRECT TITLE AGENCY, L.L.C. ("NATIONS DIRECT"), counterclaim against Plaintiff, TRUE TITLE, INC. ("TRUE TITLE"), and in support thereof state as follows:

1. At all times material TRUE TITLE was a for-profit corporation, organized under the laws of the State of Louisiana, and authorized to and in fact doing business within this judicial district in the State of Florida.

2. At all times material NATIONS DIRECT was a limited liability company, organized under the laws of the State of Florida, with its principal place of business located within this judicial district.

3. At all times material BLANCHARD, was a natural person of majority age and was a citizen of the State of Florida residing within this judicial district.

4. On or about March 2002, TRUE TITLE and BLANCHARD entered into an Oral Contract ("Contract") whereby BLANCHARD agreed to relocate to Ormond Beach, Florida and to bring her established book of business relationships and clientele to TRUE TITLE in exchange for TRUE TITLE's promise to pay BLANCHARD a base salary and fifty-percent (50%) of the net profits from business generated by BLANCHARD.

5. Shortly thereafter, TRUE TITLE promised BLANCHARD to commemorate the terms of the agreed upon Contract in writing.

6. On or about May 2002, BLANCHARD relocated to Ormond Beach in accordance with the Contract and worked for TRUE TITLE out of her home.

7. On or about August 2003, because of the substantial amount of business that BLANCHARD generated for TRUE TITLE, TRUE TITLE was enabled to establish a local office in Ormond Beach.

8. From May 2002 until September 2006, BLANCHARD continued to perform her obligations under the Contract (i.e. generated business for and managed the Ormond Beach office) and TRUE TITLE prospered as a result of BLANCHARD's pre-existing business relationships and clientele.

9. TRUE TITLE provided BLANCHARD with the financial statements of the Ormond Beach office only during the first few months of her employment.

10. After the first few months of BLANCHARD's employment, TRUE TITLE failed to provide BLANCHARD with the Ormond Beach office's financial statements and failed to pay BLANCHARD the full amount of net profits she was owed in accordance with the Contract.

11. From approximately August 2005 through October 2005, and possibly longer, TRUE TITLE used the revenues of the Ormond Beach office as the sole source for paying the salaries of employees at the New Orleans office, which amounted to tens of thousands of dollars, who were unable to work due to a hurricane loss because TRUE TITLE had failed to obtain insurance for business interruption losses.

12. The Ormond Beach office was never repaid by TRUE TITLE for the New Orleans' salaries that its revenues funded, thereby greatly reducing the net profits to which BLANCHARD was entitled.

13. On or about November 2005, after TRUE TITLE's failure to reimburse the Ormond Beach office for the New Orleans salaries that it paid, BLANCHARD requested TRUE TITLE to fulfill its promise of commemorating the agreed upon Contract terms into writing in order to protect her financial security.

14. TRUE TITLE continued to fail to provide a written commemoration of the agreed upon Contract terms at this time.

15. On or about January 2006, because of TRUE TITLE's continued failure to provide a written contract, BLANCHARD had an employment contract drafted that reflected the agreed upon Contract terms and she again requested for TRUE TITLE to sign the written agreement.

16. TRUE TITLE continued to fail to sign the written agreement reflecting the agreed upon Contract terms.

17. On or about July 26, 2006, as a precautionary measure, BLANCHARD formed a business entity in order to afford herself an employment and/or business option in the event that TRUE TITLE continued to deny her request for a written commemoration of the agreed upon Contract terms. No action was taken by BLANCHARD to conduct business at this time, BLANCHARD merely formed the business entity.

18. On or about September 29, 2006, BLANCHARD voluntarily resigned from TRUE TITLE because of TRUE TITLE's failure to comply with the terms of its Contract and its failure to fulfill its promise of commemorating the agreed upon terms of the Contract into writing.

19. After BLANCHARD voluntarily resigned from her employment with TRUE TITLE, BLANCHARD commenced the operations of her own title company, NATIONS DIRECT.

20. TRUE TITLE and its agents have defamed BLANCHARD by knowingly making false statements to title insurance companies, lenders and clients about BLANCHARD and her company, NATIONS DIRECT. TRUE

TITLE has also interfered with the business of BLANCHARD and NATIONS DIRECT as a result of such defamatory statements.

21. Specifically, TRUE TITLE and its agents knowingly made false statements to BLANCHARD's clients and AAA Title that BLANCHARD advised TRUE TITLE employees to commit fraud and that BLANCHARD wrongfully terminated TRUE TITLE employees.

22. TRUE TITLE and its agents knowingly made false statements to First American Title Agency that BLANCHARD defrauded TRUE TITLE when she resigned from the company.

## COUNT I – DEFAMATION

23. Paragraphs 1 through 22 are realleged and incorporated by reference herein.

24. This is an action against TRUE TITLE for damages resulting from defamatory statements made by TRUE TITLE and its agents.

25. TRUE TITLE and its agents knowingly made false statements to title insurance companies, lenders and clients about BLANCHARD and her company, NATIONS DIRECT.

26. The defamatory statements made by TRUE TITLE and its agents have caused BLANCHARD and NATIONS DIRECT to lose valuable business relationships.

WHEREFORE, BLANCHARD and NATIONS DIRECT demand that TRUE TITLE be found liable for defamation and that BLANCHARD and NATIONS DIRECT be awarded damages and such other and further relief as the Court deems just and proper.

## COUNT II – INTEREFERENCE WITH BUSINESS RELATIONSHIP

27. Paragraphs 1-26 are realleged and incorporated by reference herein.

28. This is an action against TRUE TITLE for damages resulting from TRUE TITLE's tortious interference with BLANCHARD and NATIONS DIRECT's business relationships by making defamatory statements to businesses and lenders as alleged in Count I above.

WHEREFORE, BLANCHARD and NATIONS DIRECT demand that TRUE TITLE be found liable for tortious interference with BLANCHARD and NATIONS DIRECT's business relationships and that BLANCHARD and NATIONS DIRECT be awarded damages and such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF ORAL EMPLOYMENT CONTRACT

29. Paragraphs 1-28 are realleged and incorporated by reference herein.

30. This is a cause of action against TRUE TITLE for damages resulting from a breach of the Contract.

31. TRUE TITLE breached its Contract with BLANCHARD by failing to pay BLANCHARD the agreed upon wages, i.e. the percentage of net profits, that was owed to her under the Contract.

32. As a proximate result of TRUE TITLE's breach of the Contract, BLANCHARD has sustained significant damages.

33. In an action for unpaid wages, this Court may award costs and reasonable attorney's fees to the prevailing party.  Fla. Stat. Ann. § 448.08.

WHEREFORE, BLANCHARD demands that TRUE TITLE be found liable for breach of contract and that BLANCHARD be awarded actual and consequential

damages, attorney's fees, costs and such other and further relief as the Court deems just and proper.

## COUNT IV – REQUEST FOR ACCOUNTING

34. Paragraphs 1-33 are realleged and incorporated by reference herein.

35. Because of TRUE TITLE's failure to pay BLANCHARD the full amount of wages she was owed under the agreed upon Contract, BLANCHARD requests that TRUE TITLE be ordered to make an accounting of all real estate closing transactions, income and expenses of TRUE TITLE's Ormond Beach office while BLANCHARD managed the office.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray this Court dismiss Counts I, II, IV and VII of the Complaint, dismiss or strike Count III of the Complaint and strike Count VIII of the Complaint, hold TRUE TITLE liable to BLANCHARD and NATIONS DIRECT for the counterclaims asserted herein, and issue such other relief as the Court deems just and proper.

    Respectfully submitted,

    /s/ Gregory D. Snell, Esquire
    GREGORY D. SNELL
    Florida Bar No.: 442356
    DEIRDRE E. MACBETH
    Florida Bar No.: 0026469
    Snell Legal
    700 West, Suite 107
    700 W. Granada Boulevard
    Ormond Beach, Florida 32174

(386) 677-3232 Telephone
(386) 677-6770 Facsimile
gregsnell@snelllegal.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 3, 2007, this document was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Allen von Spiegelfeld
avonsp@fowlerwhite.com
Ronald J. White
rwhite@mrsnola.com
Donald R. Wing
Dwing@mrsnola.com

/s/ Gregory D. Snell, Esquire
GREGORY D. SNELL
Florida Bar No.: 442356
DEIRDRE E. MACBETH
Florida Bar No.: 0026469
Snell Legal
700 West, Suite 107
700 W. Granada Boulevard
Ormond Beach, Florida 32174
(386) 677-3232 Telephone
(386) 677-6770 Facsimile
gregsnell@snelllegal.com