**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TRUE TITLE, INC.,**

    **Plaintiff,**

v.                                                                                   Case No. 6:06-cv-1871-Orl-19DAB

**ERICA BLANCHARD and NATIONS**
**DIRECT TITLE AGENCY, L.L.C.**

    **Defendants.**

**ORDER**

This matter comes before the Court on the Motion to Dismiss [Counts I, II, IV of the Complaint], Motion to Dismiss or in the Alternative, Motion to Strike [Count III of the Complaint], and Motion to Strike [Count VIII of the Complaint], filed by Defendants Erica Blanchard and Nations Direct Title Agency, L.L.C. (collectively "Nations Direct") on January 4, 2007. (Doc. No. 11).

**Background**

The following allegations are taken from Plaintiff's Complaint. (Doc. No. 1). Plaintiff True Title, Inc. ("True Title") is a title company involved in the business of title insurance and real estate transactions. (*Id*. at ¶ 6). True Title's employee Handbook clearly states that it maintains exclusive ownership of all technology, proprietary software, files, and work product used by employees working on behalf of True Title and that all information contained in its employees' work product is to be kept confidential. (*See id*. at ¶ 7).

True Title alleges that on or about September 29, 2006, Defendant Blanchard, who

at that time was the general manager of True Title's Ormond Beach, Florida office, resigned her position effective immediately, along with all the other employees of the Ormond Beach office. (*See id.* at ¶ 14). On October 2, 2006, True Title purportedly discovered that Ms. Blanchard or others through her direction had impermissibly taken company files, property, and computer data and erased important information from computer work stations. (*See id.* at ¶¶ 16-17).

True Title further alleges that Ms. Blanchard plotted to abscond with such property in order to "jump start" her new business, co-Defendant Nations Direct Title Agency, whose existence Ms. Blanchard concealed from True Title. (*See id.* at ¶ 20). The Complaint avers that Ms. Blanchard also disparaged True Title to its clients while she was still an employee of True Title in order to divert business to Nations Direct. (*See id.* at ¶ 22). Finally, True Title states, upon information and belief, that Nations Direct is still using property and information belonging to True Title. (*See id.* at ¶ 23). Plaintiff avers that such conduct amounts to a violation of the Florida Uniform Trade Secrets Act (Count I of the Complaint), a violation of the Florida Deceptive and Unfair Trade Practices Act (Count II), various common-law torts such as conversion, wrongful diversion, misappropriation, negligence, and "intentional tortious conduct," (Count III), a breach of fiduciary duty and an implied duty of good faith and fair dealing, (Count IV), defamation, (Count V) and conversion (Count VI). (*See generally* Doc. No. 1). True Title seeks monetary damages, an injunction proscribing the use of its property, punitive damages, attorneys' fees, and an accounting of all real estate transactions closed by Nations Direct as a result of such alleged conduct. (*See id.* at pp. 15-19).

Nations Direct moves to dismiss Counts I, II, and IV of the Complaint, to strike Plaintiff's request for punitive damages in Count VIII, and to dismiss or strike Count III. (*See generally* Doc. No. 11). True Title has not responded to Defendants' motion.

**Standard of Review**

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that can be drawn from such allegations. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Further, the Court must limit its consideration to the complaint and written instruments attached to it as exhibits. *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Although a copy of Defendants' motion was sent to Plaintiff's counsel on January 4, 2007, Plaintiff has not filed a brief in opposition to such motion pursuant to Local Rule 3.01(b). Failure to oppose a motion to dismiss raises an inference that there is no objection to such motion. *See, e.g., Freshwater v. Shiver*, Case No. 6:05-cv-756; 2005 WL 2077306, at *2 (M.D. Fla. Aug. 29, 2005).

**Analysis**

**A. Florida Uniform Trade Secrets Act**

Count I of the Complaint alleges a violation of the Florida Uniform Trade Secrets

Act ("FUTSA"). *See* Fla. Stat. Ann. §§ 688.001 *et seq*. To show misappropriation of a trade secret under the FUTSA, a claimant must prove that: 1) the plaintiff possessed secret information and took reasonable steps to protect its secrecy; and 2) the secret it possessed was misappropriated. *See* Fla. Stat. § 688.002; *Border Collie Rescue, Inc. v. Ryan*, 418 F.Supp.2d 1330, 1338 (M.D. Fla. 2006). In a trade secret action, the plaintiff bears the burden of demonstrating the specific information it seeks to protect is a trade secret. *American Red Cross v. Palm Beach Blood Bank, Inc*., 143 F.3d 1407, 1410 (11th Cir.1998). Nations Direct argues that the cursory allegations of the Complaint fail to state how the allegedly misappropriated items constitute secret or confidential information or establish how True Title took reasonable means to protect the items as secret, and thus that this claim should be dismissed.

Nations Direct's argument is not well taken. True Title alleges that it possessed valuable trade secret information that was misappropriated by Nations Direct. (*See* Doc. No. 1, ¶¶ 7-8, 23, 26). Plaintiff further alleges that it sought to protect such information with disclosures to its employees in its employee Handbook. (*See id.* at ¶ 7). Taking such allegations as true and accepting all reasonable inferences therefrom, True Title has stated a claim under the FUTSA. At the motion to dismiss stage, the Plaintiff is not required under Florida law to state exactly how its information constitutes a trade secret.[1] Thus, the motion to dismiss Count I of the Complaint is denied.

---

[1] This is because whether a particular type of information constitutes a trade secret is a question of fact better addressed in a motion for summary judgment. *See Capital Asset Research Corp. v. Finnegan*, 160 F.3d 683, 686 (11th Cir.1998); *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F.Supp.2d 1271, 1292 (S.D. Fla. 2001).

### B.  Florida Deceptive and Unfair Trade Practices Act

Count II of the Complaint avers that Defendants have violated the Florida Deceptive and Unfair Trade Practices Act. ("FDUTPA"). *See* Fla. Stat. §§ 501.202 *et seq*. Nations Direct argues that Count II of the Complaint fails to state a claim under FDUPTA, asserting that True Title is not entitled to damages, but only injunctive relief, under the statute, and that its claim is barred because it did not arise from a consumer transaction. (*See* Doc. No. 11, pp. 6-7).

The FDUTPA broadly declares unlawful any unfair or deceptive acts or practices committed in the conduct of any trade or commerce. Fla. Stat. Ann. § 501.204(1). Section 501.211 provides that any person who has suffered a loss as a result of such practices may commence a private action for actual damages and possibly attorneys' fees and court costs. Fla. Stat. Ann. § 501.211(2). The Florida Supreme Court has emphasized that the remedies of the FDUTPA "are in addition" to other remedies available under state or local law. *Pinellas County Department of Consumer Affairs v. Castle*, 392 So.2d 1292, 1293 (Fla.1980).  A practice is unfair under the FDUTPA if it offends established public policy, is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *Suris v. Gilmore Liquidating, Inc*., 651 So.2d 1282, 1283 (Fla. 3d DCA 1995).

A complaint under the FDUTPA must plead only 1) that the conduct complained of was unfair or deceptive, and 2) that the plaintiff was damaged by such unfair or deceptive conduct. *See, e.g., Haun v. Don Mealy Imports*, *Inc*., 285 F.Supp.2d 1297 (M.D. Fla. 2003). The Florida Supreme Court has recently held that the statute "applies to private causes of action arising from single unfair or deceptive acts in the conduct of any trade or commerce,

even if it involves only a single party, a single transaction, or a single contract." *PNR, Inc. v. Beacon Prop. Mgt. Inc.,* 842 So. 2d 773, 777 (Fla. 2003).

Prior to July 1, 2001, FDUTPA provided that "[i]n any individual action brought by a *consumer* who has suffered a loss as a result of a violation of this part, such *consumer* may recover actual damages, plus attorney's fees and court costs." Fla. Stat. § 501.211(2) (emphasis added). However, FDUTPA was amended in 2001, and the amendment replaced the word "consumer" with the word "person." The current version of FDUTPA provides that "[i]n any action brought by a *person* who has suffered a loss as a result of a violation of this part, such *person* may recover actual damages, plus attorney's fees and court costs." Fla. Stat. § 501.211(2) (emphasis added). This amendment demonstrates a clear legislative intent to allow a broader base of complainants who have been injured by violations of FDUTPA to seek damages, not just injunctive relief. *See, e.g., Advanced Protection Tech., Inc. v. Square D Co.*, 390 F.Supp.2d 1155, 1164 (M.D. Fla. 2005); *Gritzke v. M.R.A. Holding, LLC*, No. 4:01CV495-RH, 2002 WL 32107540, at *4 (N.D. Fla. Mar. 15, 2002). "With the deletion of *consumer transaction* from FDUTPA, it would seem that such business entity *consumers* could sue for damages from outlawed acts and practices in ordinary business transactions without regard to whether the claimant was acting in the capacity of consuming goods or services. At least, nothing in section 501.211(2) purports to state otherwise." *Beacon Prop. Mgt., Inc. v. PNR, Inc.*, 890 So. 2d 274, 278 (Fla. 4th DCA 2004) (emphasis in original).

After the amendments to the FDUTPA, courts have opined on several occasions that complaints alleging a cause of action under the statute could be sustained absent the failure

to allege that the FDUTPA violation arose from a "consumer transaction." *See, e.g., Gritzke,* 2002 WL 32107540 at *4 (§ 501.211(2), as amended, merely requires a "person" who "has been damaged by [a] defendant's violation" of the statute); *Niles Audio Corp. v. OEM Systems Co., Inc.*, 174 F.Supp.2d 1315, 1319-20 (S.D. Fla. 2001) (concluding that legislature's replacement of the word "consumer" with the word "person" in § 501.211(2) was intended to make damages remedy available to anyone aggrieved by violation of statute); *see also Beacon Property*, 890 So. 2d at 278 (rejecting the per se argument that a judgment was erroneous "simply because the facts at trial do not involve a consumer transaction").

Thus, the Court cannot agree with Nations Direct's contention that True Title is barred from seeking damages under the FDUTPA and has failed to state a cause of action because no consumer transaction is involved. The plain language of Section 501.211(2) does not bar such relief, and Plaintiff has cited no post-2001 cases which hold that the amendments to the FDUTPA bar such claim. To the contrary, the cases which have addressed the issue strongly suggest otherwise. *See, e.g., Gritzke,* 2002 WL 32107540 at *4; *Niles Audio* 174 F.Supp.2d at 1319-20; *see also Beacon Property*, 890 So. 2d at 278; *see also Advanced Protection* 390 F.Supp.2d at 1164.[2]  For these reasons, the motion to dismiss Count II of the Complaint is denied.

### C.  Common Law Torts

---

[2] *But see TR Information Publishers v. Randall Publishing Co., Inc.*, Case No. 8:05-cv-517-30MSS, 2006 WL 2868933, at *3 (M.D. Fla. Oct. 6, 2006) (FDUTPA only provides remedies for consumer transactions). However, *TR Information* relies solely on a 1994 case which predated the aforementioned 2001 amendments to the FDUTPA.

The Court finds that Count III of the Complaint, which alleges violations of various common law torts, must be dismissed. In Count III, True Title alleges three separate torts: 1) negligence; 2) conversion, wrongful diversion and/or misappropriation of property; and 3) "intentional tortious conduct." (Doc. No. 1, pp. 11-12). True Title lumps all three claims into one count of the Complaint and fails to plead any of the elements of any of the alleged torts. Thus, for the reasons that follow, the Court will dismiss Count III of the Complaint with leave to amend.

In Florida, negligence consists of a duty of care owed by the defendant to the plaintiff, a breach of that duty, proof that the breach was the cause of an injury to the plaintiff, and proximately caused damages. *See Eppler v. Tarmac America, Inc.*, 752 So. 2d 592, 594 (Fla. 2000). In the instant case, True Title fails to allege any of the four elements of a negligence claim, with the exception of damages. Thus, the Complaint fails to state a cause of action for negligence.

Furthermore, as Nations Direct points out, True Title's claim for "conversion, wrongful diversion and/or misappropriation of property" is duplicative of Count VI of the Complaint, which also states a cause of action for conversion. (*See* Doc. No. 1, p. 14). Thus, the Court dismisses such claim as it appears in Count III, as redundant and unnecessarily duplicative of another count of the Complaint.[3]

Lastly, as Defendants demonstrate, there is no cause of action under Florida law for "intentional tortious conduct." While Florida law recognizes a cause of action for various intentional torts, True Title does not specify which intentional torts it wishes to prosecute

---

[3] Nations Direct does not seek to dismiss Count VI of the Complaint.

in the Complaint. Thus, to the extent True Title intended to plead additional intentional torts other than those already alleged in the Complaint under the heading "intentional tortious conduct," such claim or claims are dismissed for failure to state a claim upon which relief can be granted.

### D. Breach of Fiduciary Duty; Duty of Good Faith and Fair Dealing

Count IV of the Complaint alleges that Erica Blanchard owed True Title a fiduciary duty and a duty of good faith and fair dealing and that Ms. Blanchard breached these duties, causing True Title to suffer damages. (Doc. No. 1, pp. 12-13). After reviewing the allegations of the Complaint, the Court finds that Plaintiff has stated a cause of action for a breach of fiduciary duty, but its good faith and fair dealing claim must be dismissed.

The elements for a breach of fiduciary duty claim are: 1) the existence of a fiduciary duty; 2) breach of the fiduciary duty; and 3) damages that are a direct and proximate cause of the breach. *See, e.g., Border Collie Rescue, Inc. v. Ryan*, 418 F.Supp.2d 1330, 1342 (M.D. Fla. 2006). In the instant case, True Title has alleged all three. Plaintiff alleges that due to her high-ranking position and authority, Ms. Blanchard owed True Title fiduciary duties which she breached by her actions on the day of her resignation and by her alleged continuing use of misappropriated materials, causing True Title monetary damages. (*See* Doc. No. 1, ¶¶ 39, 40). Such allegations are all that is required to survive a motion to dismiss.

However, True Title's claim for breach of a duty of good faith and fair dealing must be dismissed. Florida law does not recognize breach of a duty of good faith and fair dealing as an independent cause of action, but rather recognizes such claim as a breach of a specific

contractual obligation. *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005). Thus, in order to assert a claim for breach of a duty of good faith and fair dealing, a plaintiff must allege that a specific contractual provision has been breached, causing it damages. *See, e.g., id.*; *Ament v. One Las Olas, Ltd.*, 898 So. 2d 147, 149 (Fla. 4th DCA 2005). In the case at bar, True Title has failed to allege the existence of a specific contractual provision, or even a specific contract, from which would arise a duty of good faith and fair dealing. Thus, this claim must be dismissed.

### E.  Punitive Damages

Nations Direct argues that True Title's punitive damages claim in Count VIII of the Complaint must be stricken from the record due to a failure to comply with Section 768.72(1), Florida Statutes. However, the United States Court of Appeals for the Eleventh Circuit has clearly held that "the pleading requirements of Florida Statutes § 768.72 are inapplicable in federal diversity cases." *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999) (vacated in part on other grounds, 204 F.3d 1069 (11th Cir. 2000)). Thus, the request to strike the claim for punitive damages in Count VIII is denied.

### Conclusion

Based on the foregoing, the Motion to Dismiss [Counts I, II, IV of the Complaint], Motion to Dismiss or in the Alternative, Motion to Strike [Count III of the Complaint], and Motion to Strike [Count VIII of the Complaint], filed by Defendants Erica Blanchard and Nations Direct Title Agency, L.L.C. on January 4, 2007, (Doc. No. 11), is **GRANTED in part and DENIED in part**, as follows:

1. The motion to dismiss Counts I and II of the Complaint is **DENIED**.

      2.       The motion to dismiss Count III of the Complaint is **GRANTED**.

      3.       The motion to dismiss Count IV of the Complaint is **GRANTED in part and DENIED in part**. Plaintiff's claim for breach of a duty of good faith and fair dealing is dismissed. In all other respects, the motion to dismiss Count IV of the Complaint is **DENIED**.

      4.       The motion to strike Count VIII of the Complaint is **DENIED**.

Plaintiff shall have leave to file an Amended Complaint which comports with this Order within ten (10) days from the date below.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 5th day of February, 2006.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record