UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
(ORLANDO DIVISION)

| | | |
|---|---|---|
| TRUE TITLE, INC. | * | |
| | * | |
| VERSUS | * | Case No.: 6:06-v-1871-Orl-19DAB |
| | * | |
| ERICA BLANCHARD and | * | |
| NATIONS DIRECT TITLE | * | |
| AGENCY, L.L.C. | * | JURY DEMAND |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER WITH AFFIRMATIVE DEFENSES OF
## TRUE TITLE, INC. TO DEFENDANTS' COUNTER-CLAIM

**COMES NOW,** defendant in counterclaim, True Title, Inc., which respectfully files this Answer with Affirmative Defenses in response to defendants' *Counter-Claim* and their self-styled Motion for Default Judgment. Defendants' request for default is premature since defendants' Counterclaim is embedded within its Answer and is improperly styled under the rules and more importantly, an entry of default has not been sought or entered as required by F.R.C.P. 55. In response to the numbered paragraphs of the Counterclaim, True Title, Inc. ("True Title") further pleads as follows:

1.

The allegations contained in paragraph 1 of the Counter-Claim are admitted.

2.

Upon information and belief, the allegations contained in paragraph 2 of the Counter-Claim are admitted.

3.

Upon information and belief, the allegations contained in paragraph 3 of the Counter-Claim are admitted.

4.

The allegations contained in paragraph 4 of the Counter-Claim are denied as stated. Erica Blanchard's decision to move to Ormond Beach, Florida was personal, independent of her employment with True Title and was not part of any alleged contract with True Title. It is admitted that Blanchard was paid a base salary and additional compensation for her work.

5.

The allegations contained in paragraph 5 of the Counter-Claim are denied. True Title and Blanchard had discussed entering into a written employment contract and then had mutually decided not to proceed with a formal written employment agreement.

6.

The allegations contained in paragraph 6 of the Counter-Claim are denied. Blanchard moved to Ormond Beach, Florida for personal reasons and independent of her employment with True Title, Inc. It is denied that she had moved there at the request of or as an accommodation to True Title.

7.

The allegations contained in paragraph 7 of the Counter-Claim are denied.

8.

The allegations contained in paragraph 8 of the Counter-Claim are denied as stated. It is admitted that Blanchard worked as a W-2 employee for True Title from inception of her employment through September 2006. The remaining allegations in paragraph 8 of the Counter-Claim are denied.

9.

The allegations contained in paragraph 9 of the Counter-Claim are denied. Tim Hand of True Title and Erica Blanchard regularly discussed the company's financial condition at each pay period interval. Moreover, Blanchard had access to the financial statements and accounting records during her employment and was never denied or refused access to this information.

10.

The allegations contained in paragraph 10 of the Counter-Claim are denied.

11.

The allegations contained in paragraph 11 of the Counter-Claim are denied. Immediately after Hurricane Katrina, revenues fell for both True Title offices. To address this, True Title obtained a loan from AmSouth Bank to pay certain operating expenses for a couple of months post-Hurricane Katrina. This was known to, and openly discussed with, Blanchard.

12.

The allegations contained in paragraph 12 of the Counter-Claim are denied. True Title acquired a loan from AmSouth Bank and used the loan proceeds to pay certain operating expenses after Hurricane Katrina.

13.

The allegations contained in paragraph 13 of the Counter-Claim are denied.

14.

The allegations contained in paragraph 14 of the Counter-Claim are denied. Blanchard did not request or suggest a written employment contract with True Title until March or April 2006. And, True Title never agreed or promised unconditionally that it would sign or enter into a written contract with Blanchard.

15.

The allegations contained in paragraph 15 of the Counter-Claim are denied. True Title and Blanchard never agreed to the terms of an employment contract (written or oral). Blanchard did propose her own draft written employment contract to True Title in April 2006.

16.

The allegations contained in paragraph 16 of the Counter-Claim are denied. True Title never failed to sign the draft contract proposed by Blanchard. True Title informed Blanchard that the contract as drafted was too one-sided and contained too many provisions unilaterally beneficial to Blanchard. Blanchard agreed and suggested the draft

contract was for discussions purposes. She never expressed urgency in signing a written agreement.

17.

The allegations contained in paragraph 17 of the Counter-Claim are denied. Upon information and belief, Blanchard did form a business entity known as Nations Direct Title Agency, L.L.C. ("Nations Direct") on or about July 26, 2006 and filed records with the Florida Secretary of State to organize that limited liability corporation. Also, upon information and belief, Blanchard's formation of her own business entity in the name of Nations Direct Title Agency, L.L.C. was entirely unrelated to her request for a written contract from True Title, and Blanchard began her efforts to start up the business of Nations Direct while she was employed by True Title. It is further believed that Blanchard advanced the start-up of Nations Direct via phone calls and emails sent from her True Title office during working hours. She secreted all of this from the principal owners of True Title in an effort to gain an unjust advantage for Nations Direct over True Title.

18.

The allegations contained in paragraph 18 are denied. Blanchard's resignation was unrelated to her alleged desire for a written employment contract with True Title. True Title had never promised unconditionally to sign a written agreement with Blanchard. Blanchard's resignation only mentioned that she was resigning because she did not receive a "split" that day.

19.

The allegations contained in paragraph 19 of the Counter-Claim are denied. Upon information and belief, Blanchard had been contacting clients of True Title while Blanchard was still under the employ of True Title and encouraged them to shift their business to Nations Direct. Blanchard also interviewed employees of True Title and recruited vendors of True Title while she sat in her True Title office and was being paid as True Title's office manager.

20.

The allegations contained in paragraph 20 of the Counter-Claim are denied. True Title has made no defamatory statements concerning Blanchard and/or Nations Direct Title Agency, L.L.C. and further, True Title pleads truth as an affirmative defense to any such charges of defamation.

21.

The allegations contained in paragraph 21 of the Counter-Claim are denied. True Title has made no defamatory statements concerning Blanchard and/or Nations Direct Title Agency, L.L.C. and further, True Title pleads truth as an affirmative defense to any such charges of defamation.

22.

The allegations contained in paragraph 22 of the Counter-Claim are denied. True Title has made no defamatory statements concerning Blanchard and/or Nations Direct

Title Agency, L.L.C. and further, True Title pleads truth as an affirmative defense to any such charges of defamation.

23.

The allegations contained in paragraph 23 of the Counter-Claim do not require a response from True Title.

24.

The allegations contained in paragraph 24 of the Counter-Claim do not require a response from True Title.

25.

The allegations contained in paragraph 25 of the Counter-Claim are denied.

26.

The allegations contained in paragraph 26 of the Counter-Claim are denied.

27.

The allegations contained in paragraph 27 of the Counter-Claim do not require a response from True Title.

28.

The allegations contained in paragraph 28 of the Counter-Claim do not require a response from True Title. However, to the extent a response is required, True Title denies the allegations contained in paragraph 28.

29.

The allegations contained in paragraph 29 of the Counter-Claim do not require a response from True Title.

30.

The allegations contained in paragraph 30 of the Counter-Claim do not require a response from True Title.

31.

The allegations contained in paragraph 31 of the Counter-Claim are denied. True Title has paid Blanchard all wages and other compensation due her in full. True Title has received no demand or request for payment of unpaid wages or other compensation from Blanchard.

32.

The allegations contained in paragraph 32 of the Counter-Claim are denied.

33.

The allegations contained in paragraph 33 of the Counter-Claim contain conclusions of law to which no response is required from True Title.

34.

The allegations contained in paragraph 34 of the Counter-Claim do not require a response from True Title.

35.

The allegations contained in paragraph 35 of the Counter-Claim are denied.

## **Jury Demand**

36.

True Title prays for a trial by **jury** on all issues so triable.

AND NOW, True Title pleads the following affirmative defenses in response to the Counter-Claim filed by Blanchard and Nations Direct:

### First Defense

True Title pleads truth as an affirmative defense.

### Second Defense

True Title pleads payment and compensation as an affirmative defense.

### Third Defense

True Title pleads lack of amicable demand and prematurity as an affirmative defense.

### Fourth Defense

True Title pleads the statute of frauds as an affirmative defense.

### Fifth Defense

True Title pleads the doctrines of offset with regard to any award entered in this proceeding.

### Sixth Defense

True Title pleads the affirmative defense of spoliation for any relevant records or documents destroyed by Erica Blanchard.

### Seventh Defense

The Counter-Claim fails to state a claim, in whole or in part, against True Title.

**WHEREFORE,** defendant in-counter-claim True Title, Inc., respectfully prays that its Answer and Affirmative Defenses be deemed good and sufficient and, after due proceedings had, that there be judgment in favor of True Title, Inc. dismissing the

Counter-Claim of Erica Blanchard and Nations Direct Title Agency, L.L.C. True Title further prays for all just, equitable and declaratory relief as this Court deems appropriate.

> Respectfully submitted,
>
> MURPHY, ROGERS, SLOSS & GAMBEL
>
> /s/ Ronald J. White
> Ronald J. White (#21943)
> rwhite@mrsnola.com
> Donald R. Wing (#29486)
> dwing@mrsnola.com
> 701 Poydras Street, Suite 400
> New Orleans, Louisiana 70139
> Telephone: (504) 523-0400
> Facsimile: (504) 523-5574
>
> AND
>
> Allen von Spiegelfeld – FBN 256803
>
> FOWLER WHITE BOGGS BANKER P.A.
> P. O. Box 1438
> Tampa, Florida 33601
> (813) 228-7411
> (813) 229-8313 – Facsimile
> avonsp@fowlerwhite.com -email
>
> Attorneys for True Title, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this 7th day of February 2007, served a copy of the foregoing pleading on counsel for all parties to this proceeding, either by e-mail, by hand, by telefax, by email, or by placing same in the United States Mail, properly addressed, and first class postage prepaid to:

>Gregory D. Snell, Esq.
>SNELL LEGAL
>700 West Granada Blvd, Suite 107
>Ormond Beach, FL 32174

>/s/ Ronald J. White

1412/3364